UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HEIDI SCHULTZ, AS ASSIGNEE OF SHARON
BROOKS AND KRISTEN BROOKS,

PLAINTIFF,

v.                                                                      CASE NO.:

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, A/K/A GEICO, A CORPORATION,

DEFENDANT.

_____/

## GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW

Defendant/Petitioner, GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1442, 1446, and 1332, respectfully petitions this Court for the removal of the above-captioned action filed by HEIDI SCHULTZ, as assignee of Sharon Brooks and Kristen Brooks ("Plaintiff"), from the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida to the United States District Court for the Northern District of Florida, Gainesville Division. In support of this Petition, GEICO states as follows:

1. On August 4, 2015, a civil action was commenced by SCHULTZ, as assignee of Sharon Brooks and Kristen Brooks, against GEICO, in the Circuit Court of Alachua County, Florida, Case No. 2015-CA-001571. A copy of Plaintiff's Amended Complaint is attached hereto as Exhibit "A." In this Amended Complaint, SCHULTZ contends that GEICO acted improperly in the handling

of a personal injury claim arising from a January 6, 2008 automobile accident that allegedly caused SCHULTZ to sustain "catastrophic bodily injuries." *See* ¶ 10 Plf Amd. Cx. In Count I of Plaintiff's Amended Complaint, Plaintiff attempts to allege a cause of action for "Negligence" against GEICO. In Count II of Plaintiff's Amended Complaint, Plaintiff attempts to allege a cause of action for "Bad Faith" against GEICO.

2. Plaintiff SCHULTZ is a citizen of the state of Florida.

5. GEICO is incorporated in the State of Maryland, with its principal place of business in Chevy Chase, Maryland. Therefore, GEICO is a citizen of the State of Maryland.

6. There is complete diversity of citizenship among the parties.

7. The amount in controversy in the instant action exceeds $75,000, without interest and costs, as SCHULTZ seeks to recover, in part, the amount of the purported Consent Judgment in the underlying action that is claimed to total Two Million Five Hundred Thousand Dollars ($2,500,000).

8. GEICO was served with the attached Amended Complaint by the Chief Financial Officer of the State of Florida on August 11, 2015. In accordance with 28 U.S.C. § 1446(b), GEICO's Notice of Removal of this action has been filed within thirty (30) days of being served.

9. As required by 28 U.S.C. § 1446(a) and N.D. Fla. Loc. R. 7.2(A), a true and legible copy of SCHULTZ's Amended Complaint served upon GEICO in this action is submitted herewith. [*See* Exhibit "A."]

10. Contemporaneously with the filing of this Notice of Removal, GEICO has paid the removal fee.

## **MEMORANDUM OF LAW**

The statutory requirements for removal of the present action from state court to the United States District Court for the Northern District of Florida, Gainesville Division, have been met. Any

civil action brought in state court may be removed by the defendant to federal court, in the district and division embracing the place where such action is pending, if the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a); *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000) ("Removal is proper when a federal court would have original jurisdiction"); *Rudnick v. Sears, Roebuck and Co.*, 358 F.Supp. 2d 1201, 1204 (S.D. Fla. 2005). To remove an action based on diversity jurisdiction, none of the properly joined and served defendants can be a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332(a). Furthermore, the amount in controversy in a diversity action must exceed $75,000, exclusive of interest and costs. *Id.*

When the subject matter jurisdiction requirements in 28 U.S.C. § 1332 are met - the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs - the only remaining question is whether the removing party has satisfied the procedural requirements for removal under 28 U.S.C. § 1446. Pursuant to § 1446(b), ". . . notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .." 28 U.S.C § 1446(b); *see also Liebig v. DeJoy*, 814 F.Supp. 1074, 1076 (M.D. Fla. 1993).

The defendant seeking removal bears the initial burden of alleging federal jurisdiction. *See Milligan Elec. Co. v. Hudson Const. Co.*, 886 F.Supp. 845, 849 (N.D. Fla. 1995); *Wright v. Continental Cas. Co.*, 456 F.Supp. 1075, 1078 (M.D. Fla. 1978). GEICO has met the statutory requirements for removal of this action to federal court; therefore, removal is proper and appropriate. There is complete diversity of citizenship among the parties, as Plaintiff is a citizen of the State of Florida, while GEICO is a citizen of the State of Maryland. In addition, the statutory requirement

that the amount in controversy exceeds $75,000 has been met, as Plaintiff, at a minimum, is seeking recovery of a consent judgment in the amount of $2,500,000. Finally, GEICO has complied with all of the procedural requirements, including the time requirements, set forth in 28 U.S.C. § 1446(b), by filing the present Notice of Removal within thirty (30) days of its receipt of the Complaint.

**WHEREFORE**, Defendant/Petitioner Government Employees Insurance Company, respectfully requests that this action now pending against it in the Circuit Court in and for Alachua County, Florida be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law, and grant further relief as this Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    **s/ Brentt E Palmer**
**B. RICHARD YOUNG**
Florida Bar No.: 442682
ryoung@flalawyer.net
**BRENTT E. PALMER**
Florida Bar No.: 690880
bpalmer@flalawyer.net
**STEPHANIE A. MCQUEEN**
Florida Bar No.: 0103352
smcqueen@flalawyer.net
Young, Bill, Roumbos & Boles, P.A.
226 S. Palafox Place, St. 7

Pensacola, FL 32502
Telephone: (850) 432-2222
Facsimile: (850) 432-1444
Attorneys for Defendant

## SERVICE LIST
**Heidi Schultz, as Assignee of Sharon Brooks and Kristen Brooks**
**v.**
**GEICO General Insurance Company, Inc. , a/k/a GEICO, a corporation**
**Case No.: 2015-CA-001571**
**In the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida**

Craig Cannon, Esquire
1274 E. Silver Springs Blvd.
Ocala, Florida 34470
(352) 369-0529
(352) 369-9304 (Fax)
cjc@thecannonlawfirm.com
Counsel for Plaintiff
Via Electronic and/or Regular U.S. Mail